HENRY A. HOFFMEYER *v.* ACHILLE RIVARDE and others.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Latour*, for the appellant.

*Canon*, for the defendants.

MORPHY, J.    The petitioner claims, on a *quantum meruit*, $1,394 70, as a balance due him for his services, as a book-keeper in the defendants' employ from the 15th of June, 1842, to the 15th of November, 1843, at the rate of $1800 per annum. The defendants denied their indebtedness, and averred that he had already received from them more than his services were worth. There was a judgment below in favor of the plaintiff for $544 70, from which the defendants appealed; and the plaintiff has prayed that the judgment be annulled, so as to allow him an annual salary of $1500, instead of that of $1200 allowed to him below. In relation to the value of the plaintiff's services as a book-keeper, the testimony is contradictory and variant. One witness values them at from $1500 to $1800; another at from $1200 to $1500; a third at from $1000 to 1200; &c. A witness, who is a book-keeper in a house engaged in the same business as the defendants, who are commission merchants, says that he receives from his employers $1200 per annum, and that he is always at work from seven or eight o'clock in the morning to ten or eleven at night. All the witnesses agree that, in June, 1842, places were scarce, and salaries very low, a great number of clerks having been thrown out of employment in consequence of the numerous bankruptcies which happened at, or shortly before, that time. It is shown that when the plaintiff was engaged as a book-keeper by the defendants, a great many applications were made for the situation, and that one Maillard offered to take it at $50 per month. It is further shown that while in the employ of the defendants, the plaintiff had leisure to keep other books than theirs, to give lessons in the art of book-keeping, and to undertake other jobs, whereby his gains and emoluments were greatly increased. On an examination of the whole evidence taken together, we are by no means satisfied that the

judge did not allow to the plaintiff a sufficient and just compensation for his services.

*Judgment affirmed.*